IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RAVEN TORRES TORRES<br>*Plaintiff*,<br><br>v.<br><br>ROBERTO REVOL MARTÍNEZ, UPDATE MUSIC CORP., JANE DOE, INSURANCE COMPANY ABC, ABC CORPORATION, XYZ CORPORATION, JOHN DOE & RICHARD DOE<br>*Defendant* | CIVIL NO.: 3:25-cv-01082-GMM |

### DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT

**TO THE HONORABLE COURT:**

COME NOW, **Defendants**, by and through their undersigned counsel, and pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, respectfully move this Honorable Court to order Plaintiff to provide a more definite statement of the claims alleged in the Complaint. In support thereof, Defendants state as follows:

### I. INTRODUCTION

1. Plaintiff, **Raven Torres Torres**, has filed a 28-page Complaint asserting multiple causes of action, including contract annulment, damages, defamation, unjust enrichment, and tortious interference, against Defendant **Roberto Revol Martínez**, **Update Music Corp.**, and various unnamed parties.

2. Plaintiff's Complaint is vague, ambiguous, and lacking in necessary factual specificity, making it impossible for Defendants to reasonably prepare a response.

3. The allegations fail to clearly distinguish the conduct attributed to each Defendant, rendering it unclear which specific Defendant is alleged to have committed which act.

4. Additionally, the alleged agreements and transactions referenced throughout the Complaint are not properly identified, nor are their relevant terms sufficiently detailed, further contributing to the lack of clarity.

5. Defendants therefore request that the Court order Plaintiff to file a more definite statement clarifying the factual and legal basis of his claims.

## II. LEGAL STANDARD

6. Rule 12(e) of the Federal Rules of Civil Procedure states that:

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. "

7. Courts grant Rule 12(e) motions when a complaint is excessively vague or ambiguous, making it difficult for a defendant to formulate an answer or affirmative defenses. "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S. Ct. 992, 998 (2002)

## III. PLAINTIFF'S COMPLAINT LACKS THE NECESSARY SPECIFICITY

8. The Complaint asserts multiple causes of action, including:
    - Contract annulment (First Cause of Action),

- o   Damages and defamation (Second Cause of Action),

- o   Violation of the Puerto Rico Moral Rights Act (Third Cause of Action),

- o   Unjust enrichment (Fourth Cause of Action),

- o   Tortious interference (Fifth Cause of Action).

9. However, the allegations throughout the Complaint lack clarity as to key details, including:

- o   The specific terms and provisions of the agreements Plaintiff alleges were breached, void, or otherwise actionable;

- o   The specific dates, locations, and circumstances surrounding the alleged wrongful acts by each Defendant;

- o   How each Defendant allegedly caused harm to Plaintiff, rather than making general allegations of wrongdoing.

10. For example, Paragraphs 71–78 allege that Plaintiff signed a document titled *"Adendum para Acuerdo y Compromiso de Contrato Excistente"*, but fail to specify: what prior contract it allegedly modified, who drafted the document, how it was executed, and which specific provisions Plaintiff claims are invalid.

11. Similarly, the defamation allegations (Paragraphs 98–99) vaguely claim that Defendants made false statements but fail to identify the specific defamatory statements, the individuals to whom they were made, or the date and medium of publication.

12. Without these details, Defendants cannot ascertain the specific claims against them or properly prepare a defense.

### IV. REQUESTED RELIEF

13. To allow Defendants to properly respond to the allegations, Plaintiff should be required to file an amended complaint that provides greater clarity and specificity on the following:

- The exact contracts and agreements Plaintiff references in his claims.

- The specific actions or statements attributed to each individual Defendant, rather than generalizing all Defendants as a group.

- The dates and locations of the alleged misconduct.

- The specific defamatory statements and the parties to whom they were made.

### V. CONCLUSION

WHEREFORE, Defendants respectfully request that this Honorable Court grant this Motion and order Plaintiff to file a more definite statement clarifying the allegations against each Defendant, so that they may properly respond to the Complaint.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this day, April 23, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico, this 23th day of April 2025.

s/ **GABRIEL A. MAGRANER-ORTIZ**<br>
USDCPR NO. 307803<br>
P.O. Box 1671<br>
Cabo Rojo, PR 00623<br>
787-315-5119<br>
Email: gabriel.magraner8@gmail.com